FILE

2011 APR -6 P

UNITED STATES DISTRICT COURT   US DISTRICT COURT
DISTRICT OF CONNECTICUT        HARTFORD CT

| | | |
|---|---|---|
| SUSAN SERVIN and FRANK SERVIN<br>Plaintiffs, | ) ) ) ) ) | CIVIL ACTION NO: 3:11CV539(MRK) |
| v. | ) | |
| JASON ANDERSON, RICHARD PISANI<br>KEITH MELLO, and the CITY OF MILFORD<br>Defendants. | ) ) ) | JURY TRIAL DEMANDED<br><br>APRIL 6, 2011 |

## COMPLAINT

Plaintiffs, Susan Servin and Frank Servin, bring this an action for damages and a permanent injunction against the CITY OF MILFORD, KEITH MELLO, CHIEF OF POLICE in his official and individual capacities, OFFICER JASON ANDERSON, in his official and individual capacities, and OFFICER RICHARD PISANI, in his official and individual capacities to and practice of tolerance, neglect and of police officers to routinely drive Milford police cruisers negligently and or recklessly, in both emergency and non-emergency situations under color of law endangering the lives of citizens lawfully on the roadways of the State of Connecticut.  This practice of routine illegal conduct, conducted under color of law caused the death of the plaintiffs' decedent, David Servin, deprivation of his rights secured under the Fourth and Fourteenth Amendments to the United States Constitution. This action is brought pursuant to Title 42 U.S.C. 1983 and the plaintiff's decedent's rights under the constitution, statutory and common law of the State of Connecticut.

## I. PARTIES

1.      On or about July 28, 2009, Susan and Frank Servin were appointed the Administrators for the Estate of their son, David Servin, by the Probate Court for the District of Orange, located in the County of New Haven, and State of Connecticut.  A copy of the appointment is attached hereto as Exhibit A.

2.      At all times mentioned herein the Defendant, City of Milford, was a body politic, formed under the Constitution and laws of the State of Connecticut, with the powers and duties of a municipal corporation formed in conformance with the laws and constitution of the State of Connecticut, including, but not limited to the creation and maintenance of a police department to protect the health and safety of the residents of the City of Milford, and all persons utilizing the public roadways in the City of Milford. At all relevant times, through the City of Milford Police Department, it employed, supervised and directed the conduct of the defendants, Chief of Police Keith Mello, Officer Jason Anderson, and Officer Richard Pisani.

3.      On June 13, 2009 and for a long time prior thereto the Defendant, Keith Mello, was the duly appointed and acting officer acting as Chief of the Milford Police Department.  At all times mentioned herein, the Defendant, Keith Mello was acting as the agent, servant and employee of the City of Milford, within the scope of said agency, acting under color of the statutes, ordinances, regulations, policies customs and usages

of the State of Connecticut and/or the Defendant City of Milford and its Police Department.

4.    On June 13, 2009 and for a long time prior thereto the Defendant, Jason Anderson was a duly appointed and acting police officer employed by the City of Milford. At all times mentioned herein the Defendant, Jason Anderson was acting as an employee of the City of Milford Police Department, as the agent servant and employee of the City of Milford, within the scope of said agency, and under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Connecticut and /or the Defendant City of Milford and its Police Department.

5.    On June 13, 2009 and for a period of time prior thereto the Defendant, Richard Pisani was a duly appointed and acting police officer employed by the City of Milford. At all times mentioned herein, the Defendant, Richard Pisani was a probationary officer, acting as an employee of the City of Milford Police Department, as the agent servant and employee of the City of Milford, within the scope of said agency, under color of law, to wit, under color of the statues, ordinances, regulations, policies, customs and the usages of the State of Connecticut and/or the Defendant City of Milford and its Police Department.

## II.  JURISDICTION AND VENUE

6. Jurisdiction of this court is based upon 28 U.S.C. 1331 and 1343 and on the pendent and supplemental jurisdictions of this Court to entertain claims arising under state law

and as conferred by Title 28 U.S.C. 1387. The claims asserted in this complaint arose in this district.

7.  Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. 1391(a) because the events and transactions giving rise to this action occurred in this district and 1391(b) because the defendants reside in this district.

### III. FACTS

### Allegations Common to All Causes of Action

8.  At all times mentioned herein the Defendant City of Milford owned the motor vehicles operated by its agents, servants and employees, of the City of Milford Police Department, including Jason Anderson and Richard Pisani, who were acting within the scope of their employment, as agents and servants of the City of Milford, under color of the law, as described above.


9.  At all times prior to his death at the hands of the defendants, the Plaintiff decedent, David Servin, was a citizen who resided in the City of Orange, County of New Haven and State of Connecticut.


10.  At all times mentioned herein the Defendant, City of Milford was a body politic, formed under the Constitution and laws of the State of Connecticut, with the powers and duties of a municipal corporation formed in conformance with the laws and constitution of the State of Connecticut, as set forth in Conn. Gen. Statute 7-148 (B)(4) including,

but not limited to the creation and maintenance of a police department to protect the health and safety of the residents of the City of Milford, and all persons utilizing the public roadways in the City of Milford. The City of Milford was required to and did adopt regulations to enforce standards of conduct on those who served as sworn police officers of the City of Milford.

11.  At all times mentioned herein the City of Milford employed the Defendant Keith Mello as Chief of the Milford Police Department.  As Chief of the Milford Police Department the Defendant, Keith Mello, was responsible for the hiring, training and supervision of the police officers employed by the City of Milford.

12.  In order to effectuate the performance of police duties and powers entrusted to the Police Department by the City of Milford, the City of Milford purchased equipped and maintained motor vehicles to be operated by Milford Police Officers in the performance of their duties.

13.  As Chief of Police the Defendant, Keith Mello, was required to train, supervise and monitor the use of the automobile operated by the sworn officers of the Milford Police Department to ensure that the vehicles, operated under color of law, were operated in accordance with the Motor Vehicle Laws of the State of Connecticut.

14. On June 13, 2009, and for a long time before that date, Milford Police officers were required to operate the Milford Police cruisers entrusted to their use in a prescribed manner. Said police officers were required to obey all motor vehicle laws of the State of Connecticut in non-emergency situations, including but not withstanding laws relating to racing, speeding, reckless driving, passing on the right, exercising caution at blinking yellow lights and driving so as to create a risk to the life of others lawfully on the highway. During emergency operations, Milford police officers, were required to operate their vehicles in a manner prescribed by C.G.S. Section 14-283, which requires the operator to slow down or stop at traffic control lights to ensure safe operation, driving at speeds which do not endanger life or property, and driving with due regard from the safety of all persons.

15. On June 13, 2009, and for a long time prior thereto the officers of the Milford Police Department commonly drove their police cruisers, in both emergency and non-emergency situations at speeds which endanger the safety of all persons on the roadway, through intersections unbothered by traffic lights, without slowing down or stopping in a manner required by law, recklessly, and in violation of the mandatory requirements of Connecticut law.

16. The Police Department of the City of Milford had the means to stop this illegal conduct by having officers arresting officers for breaking the law, monitoring and

reviewing video tapes of motor vehicle operation, actions which in accordance with the laws of the State of Connecticut, the ordinances and regulations of the City of Milford it was required to do.

17.   Instead of taking actions to force compliance with the motor vehicle laws of the State of Connecticut, the Milford Police Department, as a police practice and procedure, choose to ignore the conduct, empowering the Police Officers to drive in a life threatening manner.  This policy, practice and procedure was a violations of the rights guaranteed to David Servin, under State and Federal law, and led to his death at the hands of a Milford police officer driving his motor vehicle at a speed of 94 miles per hour through a caution light, in a non-emergency situation.

18.  On June 13, 2009 the Defendant, Officer Richard Pisani was driving a police cruiser owned by the City of Milford in a generally southerly direction on Route 1, through the City of Orange, into the City of Milford. At the time of the incident described below the Defendant Pisani was returning to the police station, in a non-emergency operation of the motor vehicle, without police warning lights or siren.

19.   On June 13, 2009, the Defendant Officer Jason Anderson, was driving a motor vehicle owned by the City of Milford in a generally southerly direction in the Town of Orange, heading back to the City of Milford police department. At all times mentioned

herein, Officer Anderson was operating his police cruiser to the right of the police cruiser operated by the Defendant Pisani. At the time of the incident described below the Defendant Anderson was operating the motor vehicle in a non-emergency operation, without police warning lights or siren.

20. The Defendant Officer Richard Pisani, driving on Rte. 1, through a populous commercial area containing bars, restaurants, food stores, and other businesses in which a maximum speed of forty miles per hour was permitted, accelerated the Milford police cruiser he was operating from a speed of approximately fifty miles an hour, to a speed of over seventy miles per hour, without employing his police lights or siren.

21. The Defendant Officer Jason Anderson, driving on Rt. 1 through the same populous commercial area as Officer Pisani, in which a maximum speed of forty miles per hour was permitted, accelerated his vehicle to a speed of ninety four miles per hour, without employing either his police light or siren, passing the Pisani vehicle on the right.

22. As the two vehicles approached the intersection of Route 1 and Dogwood Road, the two Milford Police officers passed through yellow blinking caution lights at intersections, without slowing at the caution lights, or taking any other action commensurate with using caution.

23.  On June 13, 2009 the Plaintiffs' decedent, David Servin, was an occupant in a motor vehicle owned by Ashlie Krakowski, which was making a left hand turn, on to Dogwood Lane from Route 1 in the Town of Orange, County of New Haven, State of Connecticut, in an area to the south of the Pisani and Anderson vehicles. Upon information and belief, the Plaintiffs' decedent was the driver of the motor vehicle, however, due to the severity of the crash as hereinafter set forth, a definitive determination of who was driving the vehicle has not been made at the time of filing this action.

24.  On June 13, 2009 the Defendant, Jason Anderson drove his police cruiser past the Pisani vehicle and to the intersection of Rt. 1 and Dogwood lane, into the passenger side door of the Krakowski vehicle at a speed in excess of ninety miles per hour. The Plaintiffs' decedent, David Servin, was thrown around within the vehicle, sustaining multiple blunt trauma, including but not limited to a broken neck, a broken leg, broken ribs, injuries to his brain, and internal organs.  David Servin suffered fear of imminent death, conscious pain and suffering and ultimately his death.

25.  As a further consequence of the Defendants actions and omissions, the Plaintiff's decedent was deprived of his ability to enjoy life, and to earn money all to his loss and damage.

26.  As a further result of the Defendants' actions and omissions, the Plaintiff's estate incurred bills for medical treatment, funeral expenses and burial, to their loss and damage.

## IV. CLAIMS FOR RELIEF

### COUNT ONE

### Violation of Civil Rights

27. At all times relevant to this action the Defendants, Officers Jason Anderson and Richard Pisani and Chief Keith Mello were duly appointed police officers employed by the Defendant City of Milford in the Defendant City of Milford Police Department, acting within the scope of their employment and under color of law.

28.  As Chief of Police, of the City of Milford, Defendant Keith Mello was required to hire, supervise, monitor the conduct and ensure that officers acting on behalf of the City of Milford obeyed the laws of the State of Connecticut, including the motor vehicle laws of the State of Connecticut.

29.  Amongst the laws that Defendant, Keith Mello was required to train the Milford Police force to obey, and ensure that the Milford Police personnel were obeying were the following:

> a) C.G.S §14-224 (c). Illegal racing upon a public highway (C.G.S §14-224 (c));

b) C.G.S §14-299(c). Driving with caution in response to a blinking yellow traffic control signal;

c) C.G.S § 14-218a. Operating motor vehicles at a rate of speed greater than is reasonable, having regard to the width, traffic and use of highway in violation of;

d) C.G.S. §14-218a. Operating motor vehicle at a rate of speed greater than the posted speed limit;

e) C.G.S. §14-219. Operating motor vehicles, at a rate of speed greater than fifty-five miles per hour.

f) C.G.S. §14-222. Operating motor vehicles, recklessly, having regard to the width, traffic and use of such highway in violation of § 14-222;

g) C.G.S. §14-222. Operating motor vehicles, at such a rate of speed as to endanger the life of any person other than the operator of such motor vehicle, in violation of § 14-222;

h) C.G.S. §14-233. Operation of emergency vehicles, including police cruisers in emergency situations at intersections, at speeds which do not endanger the life or property of others in emergencies, and with due regard for the safety of all persons and property.

30.   It was a policy or practice of the Defendant, City of Milford, acting through its agents, apparent agents, servants and employees, including Chief Mello  to improperly, and inadequately train and instruct, supervise and monitor the members of the City of Milford Police Department, including the individual Defendants Jason Anderson and Richard Pisani, in the proper manner of operation of police cruisers, in obedience with the laws of the State of Connecticut, as listed above, both in emergency and non-emergency settings.

31.  As a result of the policy of the  Defendant, City of Milford, acting through its Chief of Police, as described above, the members of the Milford Police department routinely violated the motor vehicle laws of the State of Connecticut, in both emergency and non emergency situations, speeding, speeding  through caution lights , driving in a reckless manner in both emergency and non emergency situations in populated areas, violating the laws of the State of Connecticut as set forth above, ignoring the safety of citizens on the roads of Milford and nearby communities, endangering the life of the other drivers and passengers on the roadway, and thereby depriving the citizens of their civil rights, including the right to live free of physical harm and death caused by government officials operating Milford Police cruisers.

32.   This procedure of intentional violation of the motor vehicle laws of the State of Connecticut by the Officers of the Milford Police Department was caused and permitted

by the failure to monitor, train, discipline or supervise the employees, as described above, by the Milford Police Department and the Chief of Police. This abusive conduct, engaged in under color of law by agents of the Milford Police Department Pisani and Anderson, was a proximate cause of the injuries, losses and death of the Plaintiffs' decedent, David Servin, as described herein.

33. The Defendants Pisani and Anderson were required, under the facts and circumstances which existed at the time of the collision, to operate their motor vehicles in the same manner as any other operator of a motor vehicle in the State of Connecticut at the same time and place. The Defendants were required to obey all motor vehicle laws, including those which prohibit speeding, reckless driving, racing and passing on the right, and those which require affirmative actions such as observing caution while approaching caution lights. The Defendants were not entitled to any special exemption from the law because of their status as sworn police officers. The Defendants actions in conformance with the policy or practice of operating outside the law.

34. The Defendants, acting under color of law, violated the following clearly established and well-settled federal constitutional rights of David Servin, including but not limited to:

    a.    Freedom from unreasonable seizure of his person

    b.    Freedom from the use of excessive, unreasonable and unjustified force against his person.

35.  The Defendants operation of the motor vehicles of the City of Milford, driving at speeds of over seventy and ninety miles an hour in a forty mile an hour zone, ignoring caution lights and recklessly endangering the lives of other citizens on the road was conducted in accordance with the practice of ignoring the motor vehicle laws of the State of Connecticut, in both emergency and non-emergency situations. This practice was an unreasonable, unnecessary and an excessive abuse of the lawful obligations and duties of sworn police officers and a deadly violation of David Servin's civil rights, and a proximate cause of the losses herein.

36.  The pattern and practice of the Milford Police Department of ignoring motor vehicle laws was recorded in a complete and programmatic manner through the instillation of recording devices on Milford Police Cruisers. The ICop program automatically recorded operation of cruisers when they were operated at speeds in excess of eighty miles an hour, or in limited other circumstances. . The ICop system recorded over 2500 separate incidents of usage of Milford Police vehicles over a two year period immediately prior to the collision which caused the death of David Servin.

37.  On December 3, 2009, the Plaintiffs, acting through their attorney R. Bartley Halloran, filed a Freedom of Information Commission request that all videos of operation of Milford Police vehicles recorded, between June 12, 2007 and through June 12, 2009;

be turned over to the Plaintiffs. Under the laws of the State of Connecticut, the Defendants were required to turn over these public documents. Despite repeated assurances that they would comply with the law, rather than turn over the lawfully requested videos, the Defendant, City of Milford, acting through its police department, has produced less than one per cent of the requested videos.

38.  The Defendant City of Milford, acting through its police department, intentionally destroyed more than two thousand of the videos it was required, by law to produce, in violation of the laws of the State of Connecticut, and in further derogation of the civil rights of the Plaintiffs and the Plaintiffs' decedent.

39.  The policies of failing to monitor, supervise discipline and train the Milford Police Department Officers concerning lawful use of Motor Vehicles owned by the City of Milford and the practice of Milford Police Officers of operating their motor vehicles in violation of the Connecticut Motor Vehicle laws was furthered by the actions of the Milford Police Department in intentionally violating the State of Connecticut Freedom of Information Laws, by delaying production of materials relating to such policies and by destroying the evidence of violations by its police officers. These intentional acts, in and of themselves constituted violations of the civil rights of the plaintiffs.

40.  The acts and omissions set forth above were a substantial factor in causing the

violation of the civil rights of the Plaintiff, as protected under the Constitution of the

United States, and under 42 U.S.C. 1983 et seq. and the acts and omissions set forth

above were a substantial factor in causing the following severe and permanent injuries

to David Servin:

a.    ante mortem pain, anguish and suffering;

b.    fear of death;

c.    death;

d.    complete destruction of his ability to carry on and enjoy life's many
      activities;

e.    complete destruction of his earning capacity;

f.    funeral expenses.

## COUNT TWO

### Indemnification

41. The City of  Milford, pursuant to General Statutes §§ 7-101a; 7-465 and/or 52-557n,

is liable or is required to indemnify its agents, apparent agents, servants and/or

employees, including Chief Mello, Jason Anderson and Richard Pisani for all damages

suffered by the Plaintiffs.


42. Within six (6) months of the occurrence alleged in this case and for which damages

are claimed herein, the Town Clerk of Milford received notice in writing in accordance

with General Statutes §§ 7-101a(d) and 7-465(a), of the intention to commence said action and the time when and the place where the damages were incurred, a copy of which notice is attached hereto and referred to as Exhibit B.

## IV. PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully requests:

a.)  Compensatory damages;

b.)  Issue permanent injunctive relief barring the Defendants from continuing their practice of  operating Milford Police Cruiser in violation of the Motor Vehicle laws of the State of Connecticut;

c.)  Award Plaintiffs their reasonable attorneys fees and expenses pursuant to 42 U.S.C. 1988;

d.)  Award Punitive Damages in accordance with 42 U.S.C 1988;

e.)  Grant any additional relief to which Plaintiffs are entitled.

## V. JURY DEMAND

Plaintiffs, Susan Servin and Frank Servin, hereby demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury of all the issues so triable in the Complaint.

DATED this 6th day of April , 2011.

PLAINTIFFS,
SUSAN SERVIN AND FRANK SERVIN


By _____
R. Bartley Halloran (ct 04305)
Halloran and Halloran
City Place II – 15th Floor
185 Asylum Street
Hartford, CT 06103
Tel. No.: (860) 726-7810
Fax No.: (860) 726-7813
E-mail: *rhalloran@halloranlawct.com*
Their Attorney

# Exhibit A

FIDUCIARY'S PROBATE
CERTIFICATE
PC-450 REV. 8/02

**STATE OF CONNECTICUT**

**COURT OF PROBATE**

| **COURT OF PROBATE, Milford - Orange Probate District** | **DISTRICT NO. PD40** | |
|---|---|---|
| ESTATE OF/IN THE MATTER OF<br><br>David P. Servin, Late of Orange  (09-0064) | | DATE OF CERTIFICATE<br><br>*March 3, 2011*<br>*Valid for:*<br>1 year from this date |
| FIDUCIARY'S NAME AND ADDRESS | FIDUCIARY'S POSITION OF TRUST | DATE OF APPOINTMENT |
| Frank Servin, 422 Sheldon Court, Orange, CT 06477 | Co-Administrator | July 28, 2009 |
| Susan Servin, 422 Sheldon Court, Orange, CT 06477 | Co-Administrator | July 28, 2009 |

*The undersigned hereby certifies that the fiduciary of the above-named estate has accepted appointment, has executed bond according to law or has been excused from executing bond by will or by statute, and is legally authorized and qualified to act as such fiduciary on said estate because said appointment is unrevoked and in full force as of the above date of certificate.*

*Limitation, if any, on the above certificate:*

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this Court on the above date of certificate.

Deborah Meshell, Assistant Clerk

**Court**
**Seal**

**NOT VALID WITHOUT COURT OF PROBATE SEAL IMPRESSED**

FIDUCIARY'S PROBATE CERTIFICATE
PC-450

DECREE GRANTING
ADMINISTRATION OR
PROBATE OF WILL
PC-260   REV. 10/05

**STATE OF CONNECTICUT**

**COURT OF PROBATE**

RECORDED:

| COURT OF PROBATE, DISTRICT OF Orange | DISTRICT NO. 107 |
|---|---|

ESTATE OF

David P. Servin, Late of Orange   (09-0064)

| FIDUCIARY'S NAME AND ADDRESS | POSITION OF TRUST |
|---|---|
| Susan Servin, 422 Sheldon Court, Orange, CT 06477<br>Frank Servin, 422 Sheldon Court, Orange, CT 06477 | Co-Administrator |

At a court of probate held at the place and time of hearing set by the Court, together with any continuances thereof, as of record appears, on the petitioner's application for letters of administration be granted on said estate, all as in said application more fully appears.

PRESENT: Hon. John J. Carangelo, Judge

After due hearing, THE COURT FINDS that:

The above-named decedent died on the 13th day of June, 2009, domiciled at the time of death at 422 Sheldon Court, Orange, CT 06477 and having estate whereof administration appertains to this Court, and administration of said estate ought to be granted.

Notice was given in accordance with any order of notice previously entered.

The fiduciary named above has accepted the position of trust designated above, and

A personal surety bond has been filed.

And it is ORDERED AND DECREED that:

The said application is approved, administration of said estate is granted to the fiduciary named above, and letters of administration are hereby issued to said fiduciary.

And it is further ORDERED AND DECREED that:

Two months from the date hereof, be and the same is allowed said fiduciary within which to make a true and complete inventory of all property of the estate of said deceased.

Twelve months from the date hereof, be and the same is allowed said fiduciary within which to settle said estate.

All claims against the above estate be presented pursuant to the provisions of C.G.S. Ch. 802b, Part VII.

*Notice of this decree be given by the judge, clerk, or assistant clerk by regular mail, not more than TEN days from the date hereof.*

Dated at Orange, Connecticut, this 28th day of July, 2009.

John J. Carangelo, Judge

As used in this decree, the word fiduciary includes the plural, where the context so requires.

DECREE GRANTING ADMINISTRATION OR PROBATE OF WILL
PC-260

RETURN TO:                                          RECORD:


NOTICE FOR LAND RECORDS/                    **STATE OF CONNECTICUT**
APPOINTMENT OF FIDUCIARY                     **COURT OF PROBATE**
PC-251  REV.  10/08                          [*Type or print in black ink.*]

| **COURT OF PROBATE, DISTRICT OF Orange** | **DISTRICT NO. 107** |
|---|---|

| ESTATE OF<br>David P. Servin, Late of Orange  (09-0064) | DATE OF NOTICE<br>July 28, 2009 |
|---|---|

| DATE OF DEATH | PLACE WHERE LAST DWELT | |
|---|---|---|
| June 13, 2009 | 422 Sheldon Court<br>Orange, CT 06477 | DIED INTESTATE |

FIDUCIARY [*Name, address, zip code, and telephone number*]

Susan Servin, 422 Sheldon Court, Orange, CT 06477
Frank Servin, 422 Sheldon Court, Orange, CT 06477

| FIDUCIARY'S POSITION OF TRUST | DATE OF APPOINTMENT |
|---|---|
| Co-Administrator | 7/28/2009 |

This notice is made and caused to be recorded in the land records of the town wherein said deceased was the owner of real property, or any interest therein, or a mortgage or a lien upon real property.


...................................................
Eileen Sweeney, Assistant Clerk


NOTICE FOR LAND RECORDS/ APPOINTMENT OF FIDUCIARY
PC-251

STATE OF CONNECTICUT

COURT OF PROBATE

NOTICE OF DECREE APPOINTING
ADMINISTRATOR
OPC   Rev. 3/10/97

---

Court of Probate, District of Orange, District No. 107 File # 09-0064

---

Estate of:   David P. Servin

---

Name and Address of Heirs at Law:

Frank Servin, 422 Sheldon Court, Orange, CT  06477   Father
Susan Servin, 422 Sheldon Court, Orange, CT  06477   Mother
Sarah Servin, 422 Sheldon Court, Orange, CT  06477   Sister
James Servin, 422 Sheldon Court, Orange, CT  06477   Brother

Name and address of fiduciary and of attorney, if any, for fiduciary:

Frank Servin, 422 Sheldon Court, Orange, CT  06477
R. Bartley Halloran, Esq., 74 Batterson Park Road, Farmington, CT  06032

___Probate bond was required of the fiduciary in the amount
    of $

A personal surety bond has been filed.
You are hereby notified that the estate of the above-named decedent
is being probated.  You may have an interest in this estate.

You are advised to communicate with the fiduciary or his/her
attorney for further information.

Dated at Orange, Connecticut this 28th  day of July, 2009

Deborah A. Meshell

Assistant Clerk

NOTICE OF DECREE APPOINTING ADMINISTRATOR

# Exhibit B

*Law Offices of R. Bartley Halloran*

R. BARTLEY HALLORAN
DIRECT DIAL
(860) 676-3222
E-MAIL ADDRESS:
rhalloran@ldlaw.com

74 BATTERSON PARK ROAD
FARMINGTON, CT 06032
MAILING ADDRESS:
P.O. BOX 887
FARMINGTON, CT 06034-0887

September 9, 2009

Alan H. Jepson, City Clerk
70 West River Street
Milford, CT 06440

Re: **NOTICE OF CLAIM**

Dear Mr. Jepson:

Please be advised that I represent Frank and Susan Servin, Administrators of the Estate of their son David P. Servin, late, of 422 Sheldon Court, Orange, Connecticut 06477.

On June 13, 2009 at approximately 2:00 a.m., David P. Servin was an occupant of a motor vehicle which was proceeding in an easterly direction on Route 1 in the Town of Orange, Connecticut, near the intersection of Dogwood Lane and Route 1. The vehicle in which Mr. David Servin was an occupant was turning left in a northerly direction onto Dogwood Lane.

On June 13, 2009 at approximately 2:00 a.m., Officer Jason Anderson of the Milford Police Department was operating a Town of Milford police cruiser in a westerly direction on Route 1 in the Town of Orange near the intersection of Route 1 and Dogwood Lane. Officer Rick Pisani, a member of the Milford Police Department was operating a Town of Milford police cruiser in a westerly direction on Route 1 to the rear of the police cruiser operated by Officer Anderson.

At all times mentioned herein both Officer Anderson and Officer Pisani were employees of the Milford Police Department acting within the scope of their employment.

As the vehicle occupied by David Servin attempted to make a left hand turn onto Dogwood Lane it was struck with great force by the vehicle operated by Officer Anderson, causing David Servin to sustain extensive comminuted fractures of the skull, a laceration of the aorta, a laceration of his heart, laceration of the pericardium, communicating bilateral hemothorax, hemopericardium, lacerations of his liver and spleen, multiple other injuries and ultimately his death.

These injuries were caused by the negligence and carelessness of Officer Anderson in that: he operated his motor vehicle at a speed greater than the maximum allowable speed on Route 1; he failed to slow his vehicle as he approached the blinking yellow caution light at the

Alan H. Jepson, City Clerk
September 10, 2009
Page 2

intersection of Route 1 and Dogwood Lane; he failed to keep a proper lookout; he operated his motor vehicle at too high a rate of speed given the road conditions, lighting, width of the road and traffic conditions existing.

Upon information and belief, these injuries were caused by the negligence and carelessness of Officer Pisani in that: he operated his motor vehicle at a speed greater than the maximum allowable speed on Route 1; he acted in such a manner as to encourage Officer Anderson to operate his motor vehicle in a reckless manner by racing with him along Route 1 in the towns of West Haven and Orange, Connecticut.

In addition to damages for pain, suffering, medical bills and damages owed to the Estate of David Servin for causing the death of David Servin, in accordance with Connecticut General Statute 52-555, the administrators claim damages against Officer Pisani and Officer Anderson for the reckless disregard of Motor Vehicle Statutes 14-218a, 14-219, 14-222, and 14-227a, such violations being a substantial factor in causing the death of David Servin.

Sincerely,

R. Bartley Halloran